■ Bruno Valle, Appellant-Respondent, v Linda Rosen, as Clerk of the East Williston Union Free School District, et al., Respondents-Appellants. [30 NYS3d 285]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered June 30, 2014, as denied that branch of his motion which was for summary judgment on the issue of liability, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed

from, on the law, and the defendants' cross motion for summary judgment dismissing the amended complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants.

This appeal arises out of an agreement entered into between the plaintiff and his former employer, the Board of Education of the East Williston Union Free School District (hereinafter the District). Effective December 14, 2010, the plaintiff was suspended without pay pending a hearing and determination of disciplinary charges that had been brought against him.

On March 21, 2011, the plaintiff executed a "Stipulation and Release Agreement" (hereinafter the agreement). The agreement stated that "[i]n consideration for the terms and conditions" of the agreement, the plaintiff would "unequivocally and irrevocably *resign* his employment from any and all positions held by him with the District, effective at the close of business on June 30, 2011" (emphasis added). The agreement further stated that the plaintiff's annual salary would be reduced to $84,130.49 effective December 14, 2010, and that his suspension without pay for the period of December 14, 2010, until March 22, 2011, would be deemed "an administrative assignment to home with pay, which shall continue until the date of his *retirement*" (emphasis added). The agreement provided that the "aforementioned compensation shall be the only compensation the District shall pay to the [plaintiff]," and that the plaintiff would not be entitled to any other benefits. Finally, the agreement stated that in the event the plaintiff obtained full-time employment with another employer prior to the effective date of his *"resignation,"* (emphasis added) "all District obligations to the Employee will cease and the District will discontinue all benefits and payments to the Employee."

In July and August 2011, the plaintiff wrote to the District, stating that the District was not complying with its payment obligations under the agreement because it had stopped making payments to him. In a letter to the plaintiff dated August 12, 2011, the District advised the plaintiff that since he had resigned effective at the close of business on June 30, 2011, he was not entitled to any additional payments under the agreement. The plaintiff subsequently commenced this action to recover damages for breach of contract, alleging that he was entitled to continue receiving payments "until his retirement, which is anticipated to occur after he reaches age 70, in the latter part of 2021, or later."

The Supreme Court correctly denied that branch of the plaintiff's motion which was for summary judgment on the is-

sue of liability, but should have granted the defendants' cross motion for summary judgment dismissing the complaint. " '[W]here the parties have agreed to conduct themselves in accordance with the rights and duties expressed in a contract, a court should strive to give a fair and reasonable meaning to the language used' " (*BDC Fin. L.L.C. v Barclays Bank PLC*, 25 NY3d 37, 43 [2015], quoting *Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 9-10 [1997]; *see Outstanding Transp., Inc. v Interagency Council of Mental Retardation & Dev. Disabilities, Inc.*, 110 AD3d 1049 [2013]). Courts should rule "against any construction which would render a contractual provision meaningless or without force or effect" (*Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582, 589 [1996]; *see Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 437 [1994]; *Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev. of City of N.Y.*, 80 NY2d 19, 30-31 [1992]). Here, the interpretation of the agreement advanced by the plaintiff would lead to an unreasonable result and would render meaningless the provisions of the agreement referring to the plaintiff's "resignation." Construing the agreement as a whole, it is clear that the references to the plaintiff's "retirement" and "resignation" referred to the same event, which occurred on June 30, 2011. Accordingly, the defendants made a prima facie showing of their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see id.* at 324). In addition, for the same reasons, the plaintiff failed to establish his prima facie entitlement to summary judgment on the issue of liability.

The defendants' remaining contentions have been rendered academic by our determination. Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.